UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

JESSICA POWNALL, individually and
on behalf of all others similarly situated,    :    CASE NO. 1:10-CV-00894

        Plaintiff,

vs.    :    OPINION & ORDER
        [Resolving Doc. No. 48]

PNC BANK, a National Association, as
successor in interest to National City Bank,

        Defendant.

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        The parties in this breach of contract and Truth In Lending Act case jointly propose a protective order allowing them to limit public disclosure of information they designate as confidential. [Doc. 48.]

        Granting a protective order motion is within the trial court's discretion, but that discretion "'is circumscribed by a long-established legal tradition' which values public access to court proceedings." *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996) (quoting *Brown & Williamson Tobacco Corp. v. Fed. Trade Comm'n*, 710 F.2d 1165, 1177 (6th Cir. 1983)). Unwarranted restriction of court documents hampers the public's ability to act as an important check on judicial integrity. *See Brown & Williamson*, 710 F.2d at 1179; *see also Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1570 (11th Cir. 1985) (observing that "trials are public

Case No. 1:10-CV-00894
Gwin, J.

proceedings" and that access to court records preserves "the rights of the public, an absent third party"). Thus, in the Sixth Circuit, courts approach protective order motions with a presumption in favor of public access to judicial records. *See, e.g., In re Perrigo Co.*, 128 F.3d 430, 447 (6th Cir. 1997).

Moreover, the fact that all parties jointly seek a protective order does not overcome this presumption. *See Proctor & Gamble Co.*, 78 F.3d at 227 (warning district courts against "abdicat[ing their] responsibility to oversee the discovery process and to determine whether filings should be made available to the public" and against "turn[ing] this function over to the parties," which would be "a violation not only of Rule 26(c) but of the principles so painstakingly discussed in *Brown & Williamson*").

A successful protective order motion must show specifically that disclosure of particular information would cause serious competitive or financial harm. *See, e.g.*, *Brown & Williamson*, 710 F.2d at 1179-80. Here, the movants fail to meet this standard. The proposed confidentiality agreement is exceedingly broad and unspecific. The movants ask for blanket authority to designate documents as confidential that they "mark 'Confidential.'" [Doc. 49-1 at ¶ 2.] But they have failed to show that public disclosure of any information might cause serious harm.

The movantS may move to seal individual documents—provided that they make the requisite particularized showing. For example, upon a proper motion the Court will consider limiting public disclosure of "information regarding PNC Bank's credit card customers and accounts, including customer name, account number, purchase information, payment information, date of birth, social security number and any other identifying information." [Doc. 49-1 at ¶ 2(b).]

Case No. 1:10-CV-00894
Gwin, J.

The Court thus **DENIES** the proposed confidentiality agreement. [Doc. 48.]

IT IS SO ORDERED.


Dated: January 31, 2011        *s/      James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE